# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1404 TIA |
| | ) | |
| CIRCUIT COURT FOR THE CITY | ) | |
| OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jerry Davis (registration no. 353306), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $43.25. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $46.83, and an average monthly balance of $216.27. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $43.25, which is 20 percent of plaintiff's average monthly balance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Named as defendants are the Circuit Court for the City of St. Louis, Cenikor Drug Program, Joan Burger (Judge, 22nd Circuit Court), Unknown Riley (same), Elizabeth Sabina (Probation Officer, City of St. Louis), Eria Moore (Probation Officer, Ft. Worth, Texas), and Leonard Fisher (Supervisor, Cenikor Drug Program). Plaintiff seeks injunctive relief.

Plaintiff alleges that he has been impermissibly denied credit towards his prison sentence for time he spent confined in a drug treatment facility. The procedural history

leading to plaintiff's incarceration was recently described by the Missouri Court of Appeals:

> [Davis] pled guilty as a prior and persistent offender to one count of burglary in the second degree. On July 22, 1998, he was sentenced to a total of 15 years imprisonment. [Davis] was delivered to the custody of the Department of Corrections for a period of 120 days pursuant to section 559.115 RSMo 1994. On December 28, 1998, [Davis] was recalled from the Department of Corrections and placed on probation. On December 13, 2001, [Davis's] probation was revoked and the balance of his sentence was executed.

Davis v. State, 139 S.W.3d 609, 610 (Mo. App. E.D. 2004).

Plaintiff alleges that as a condition of his probation beginning December 28, 1998, he was ordered to participate in mandatory in-patient drug treatment at the Cenikor Drug Treatment Facility in Ft. Worth, Texas for a 120-day period. Plaintiff claims that after his probation was revoked and his sentence was calculated, he received credit towards his sentence for the initial 120-day period he spent in the Missouri Department of Corrections; however, he received no credit for the time he spent in Cenikor. Plaintiff argues that, pursuant to Mo. Rev. Stat. § 559.026(3), the state court was required to give him credit for the time he spent at Cenikor. Plaintiff seeks an order from this Court directing defendants to credit his sentence appropriately.

## Discussion

The allegations in the complaint fail to state a claim under 42 U.S.C. § 1983 because they do not rise to the level of a constitutional violation. Additionally, the complaint is legally frivolous because the main premise of plaintiff's argument – i.e., that he is entitled to receive credit towards the time he spent in Cenikor pursuant to § 559.026(3) – is a misstatement of Missouri law.

"Section 559.026 is the so called 'shock probation' statute, the basic purpose of which is to permit the shock of relatively short term imprisonment during long term probation periods." Davis v. State, 712 S.W.2d 50, 51 (Mo. App. E.D. 1986). Time spent in a "jail, half-way house, honor center, or other institution as a detention condition of probation shall be credited against the prison or jail term served for the offense in connection with which the detention condition was imposed." Mo. Rev. Stat. § 559.026(3). However, § 559.026(3) does not apply to time spent in a drug treatment center or other psychiatric facility. Davis, 712 S.W.2d at 51; Comment to Mo. Rev. Stat. § 559.026. As a result, plaintiff is not entitled to receive credit for the time he spent in Cenikor towards his sentence, and this case shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $43.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Appropriate order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE